IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THE EXCELLENT THE EXCELLENT RAJ K. PATEL, | CIV. NO. 23-00613 JMS-KJM |
| Plaintiff, | ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES; (2) DENYING PLAINTIFF'S EMERGENCY PETITIONS FOR A WRIT OF MANDAMUS; (3) DISMISSING ACTION WITHOUT LEAVE TO AMEND; AND (4) DENYING ADDITIONAL MOTIONS AS MOOT |
| v. | |
| THE UNITED STATES, et al., | |
| Defendants. | |

**ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES; (2) DENYING PLAINTIFF'S EMERGENCY PETITIONS FOR A WRIT OF MANDAMUS; (3) DISMISSING ACTION WITHOUT LEAVE TO AMEND; AND (4) DENYING ADDITIONAL MOTIONS AS MOOT**

## I. INTRODUCTION

Pro se Plaintiff The Excellent The Excellent Raj K. Patel ("Plaintiff")[1]

has filed (1) an Application to Proceed in District Court Without Prepaying Fees or

Costs ("IFP Application"), ECF No. 2; (2) an Application for Permission to

Participate in Electronic Filing, ECF No. 3; and (3) an Emergency Petition and an

Amended Emergency Petition for a Writ of Mandamus against The United States,

---

[1] Plaintiff repeats "The Excellent" twice in the caption, ECF No. 1 at PageID.1, and captions other filings as "TE TE Raj K. Patel," ECF No. 2 at PageID.25, indicating that he intended to repeat term "The Excellent."

President Joe Biden, Vice President Kamala Harris, "All Biden Cabinet Officers," Attorney General Merrick Garland, Secretary of Health and Human Services Xavier Becerra, Surgeon General Dr. Vivek Murthy, and United Nations Ambassador Linda Thomas-Greenfield (collectively "Defendants"), ECF Nos. 1, 7.[2]

Deciding the matters without a hearing under Local Rule 7.1(c), the court GRANTS the IFP Application, DENIES the Petitions for a Writ of Mandamus, DISMISSES the action without leave to amend, and DENIES the Additional Motions as MOOT.

## II.  <u>IN FORMA PAUPERIS ("IFP") APPLICATION</u>

Federal courts may authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that includes a statement of assets, and demonstrates that he or she is unable to pay such costs or give such security.  *See* 28 U.S.C. § 1915(a)(1).  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."  *Escobedo v. Applebees*, 787 F.3d 1226,

---

[2]  On December 27, 2023, Plaintiff also filed a Motion to Perfect Service, and a Motion to Perfect Service with Amended Certificate, ECF Nos. 8, 9.  The court refers to these two Motions and the Application for Permission to Participate in Electronic Filing, ECF No. 3 as "the Additional Motions."

1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

Plaintiff's IFP Application indicates he has no income or assets, ECF No. 2 at PageID.25–26, making the required showing under 28 U.S.C. § 1915(a)(1) to proceed IFP (i.e., without prepayment of fees).  The court GRANTS Plaintiff's IFP Application, ECF No. 2.

### III.  STATUTORY SCREENING

The court must screen each civil action commenced under 28 U.S.C. § 1915(a) and order the dismissal of any complaint that is "frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (stating that § 1915(e) "not only permits but requires" the court to dismiss sua sponte an IFP complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

A "frivolous" case is one which is based upon an indisputably meritless legal theory, *see Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or lacks "an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[The] term 'frivolous,' . . . embraces not only the inarguable legal

conclusion, but also the fanciful factual allegation.").  Claims are factually

frivolous when they describe "fantastic or delusional scenarios."  *Id*. at 327–28.

When determining whether to dismiss a complaint as "frivolous," the court need

not "accept without question the truth of the plaintiff's allegations."  *Denton*, 504

U.S. at 32–33 ("[A] finding of factual frivolousness is appropriate when the facts

alleged rise to the level of the irrational or the wholly incredible.").

      When viewing the well-pleaded factual allegations in the complaint as

true and in the light most favorable to the plaintiff, a complaint that fails to state a

claim should be dismissed when the complaint does not contain "enough facts to

state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 570 (2007).  "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice."  *Ashcroft v.
Iqbal*, 556 U.S. 662, 678 (2009).

      Plaintiff is appearing pro se; consequently, the court liberally

construes the Complaint and resolves all doubts in Plaintiff's favor.  *See Hebbe v.
Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Erickson v. Pardus*, 551 U.S.

89, 94 (2007).  The court also recognizes that "[u]nless it is absolutely clear that no

amendment can cure the defect, . . . a pro se litigant is entitled to notice of the

complaint's deficiencies and an opportunity to amend prior to dismissal of the

action."  *Lucas v. Dep't of Corr*., 66 F.3d 245, 248 (9th Cir. 1995).  When a claim

cannot be saved by amendment, dismissal with prejudice is appropriate.  *See, e.g.*, *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## IV.  <u>DISCUSSION</u>

Plaintiff filed an "Emergency Pro Se Petition for a Writ of Mandamus" against all Defendants on December 22, 2023, ECF No. 1, followed by a nearly identical "Emergency Pro Se Amended Petition for a Writ of Mandamus" on December 26, 2023, ECF No. 7.  Plaintiff resides in Indianapolis, Indiana, with no apparent connection to the District of Hawaii.  *Id.* at PageID.32. Even construing his Petitions liberally, the court cannot understand Plaintiff's claims.  He does not articulate specifically what each Defendant allegedly did, claiming that Defendants agreed to protect him from assault and battery and committed torts or breached a contract by allowing him to be assaulted and battered.  ECF No. 7 at PageID.35–36.  Although not clear, he appears to invoke 28 U.S.C. §§ 1361, 1651, and the Federal Tort Claims Act in asserting claims for negligence, assault and battery, and fraud.  *Id.* at PageID.32–44.

Plaintiff's claims are frivolous, nonsensical, and delusional.  He claims that he "is under a stress technology that throws a 'punch' every second," and that "[t]he stress technology causes fatigue, depression, stress, laziness, nuisance, and physical deformities, including through obesity."  *Id.* at PageID.36. He alleges that "[t]here is a [loss] of control of what is inside plaintiff's own

person." *Id.* at PageID.35.  Among other relief, he asks the court to "terminate the

mental pain and suffering of the ringing sound inside [his] ears," *id.* at PageID.43,

and grant mandamus relief "even if it means to command another school or open a

13th grade," *id.*  Among his "sample claims," he alleges that he "realized that a

drilling sound began that lasts against his consent," and that "[i]n 2018, [he]

realized that white, ring-shaped circular lights flew out of his computer and then

his window and went up plaintiff's eyes and nose."  ECF No. 7-1 at PageID.46.

Because Plaintiff's allegations are implausible and fanciful, and lack

an arguable basis in fact, the court DENIES the Petitions and DISMISSES the

action.  *See, e.g.*, *Vidmar v. Honolulu Police Dep't*, 2016 WL 4523586, at *6 (D.

Haw. Aug. 29, 2016) (dismissing as frivolous complaint alleging that city and state

agencies and officials conspired to harm plaintiff by failing to stop the spraying of

deadly poison in her residence); *Mendes v. United States*, 88 Fed. Cl. 759, 762

(Fed. Cl.), *app. dism'd*, 375 F. App'x 4 (Fed. Cir. 2009) (upholding dismissal of

frivolous complaint alleging that "zealot, fanatical women" employed by the FBI

and CIA used "laser beam technology" against plaintiff).

Further, the court denies leave to amend because further amendment

would be futile.  As recently summarized in a decision from the United States

District Court for the District of New Jersey, "[Patel] is a serial litigant who has

filed a series of sprawling complaints in courts across the nation."  *Patel v. United*

6

*States*, 2023 WL 8447935, at *2 (D.N.J. Dec. 6, 2023) (internal editorial marks and citation omitted).  That court dismissed Patel's mandamus action with prejudice after setting forth many of the similar cases that courts "rejected outright upon initial screening," including claims that government officials used a "bio-tech weapon" to "cause him to become obese."  *Id.* (citing cases).  Indeed, another judge from the District of Hawaii summarily dismissed a similar mandamus petition filed by Patel in August of 2023.  *See Patel v. United States*, 2023 WL 5835599 (D. Haw. Aug. 8, 2023).  In short, dismissal is without leave to amend.

## V.  CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiff's IFP Application, ECF No. 2, DENIES Plaintiff's Emergency Petitions, ECF Nos. 1, 7, and DISMISSES the action without leave to amend.  Plaintiff's Additional Motions, ECF Nos. 3, 8 & 9, are DENIED as MOOT.  The Clerk of Court shall close the case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 29, 2023.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Patel v. United States et al.*, Civ. No. 23-00613 JMS-KJM, Order (1) Granting Plaintiff's Application to Proceed Without Prepayment of Fees; (2) Denying Plaintiff's Emergency Petitions for a Writ of Mandamus; (3) Dismissing Action Without Leave to Amend; and (4) Denying Additional Motions as Moot